Filed 7/18/13  P. v. Williams CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062225 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE317744) |
| PAUL KENNETH WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Charles W. Ervin, Judge.  Affirmed.

Johanna R. Pirko, for Defendant and Appellant, under appointment by the Court of Appeal.

Kamala D. Harris, Attorney General for the Plaintiff and Respondent.

BACKGROUND AND DISCUSSION

Paul Kenneth Williams pleaded guilty to a misdemeanor charge of violating a court order (Pen. Code, § 273.6, subd. (a)), and a felony charge of possession of a controlled substance (Health and Saf. Code, § 11377, subd. (a)). In exchange, the People dismissed charges that he made a criminal threat (Pen. Code, § 422), and committed cruelty to three different children by endangering their health (Pen. Code, § 273a, subd. (b)). Under *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*), Williams agreed to waive his right to withdraw his guilty plea if he was arrested for another crime. At a hearing, the court questioned Williams regarding the factual basis for the plea, and he pleaded guilty as noted on the plea form.

The court declined Williams's request to reduce the felony count to a misdemeanor, noting that in the interim period between the plea bargain hearing and sentencing, Williams was arrested "on another domestic violence type charge," thus implicating Williams's *Cruz* waiver. The court suspended imposition of sentence and granted Williams probation for three years on condition that he serve 365 days in jail and pay certain fines. Williams appeals. We affirm.

Appointed counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to possible but not arguable issues of whether: (1) Williams's guilty plea was constitutionally valid; (2) there was a proper factual basis for the plea; (3) the trial court abused its discretion in concluding Williams's

2

new arrest constituted a "clear and obvious *Cruz* waiver violation"; and (4) the court abused its discretion in denying Williams's motion to reduce the felony conviction to a misdemeanor.

We granted Williams permission to file a brief on his own behalf. He has not responded. Our review of the entire record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issues referred to by appellate counsel and the circumstances surrounding the court's taking of the plea, has disclosed no reasonably arguable appellate issues. Competent counsel has represented Williams on this appeal.

DISPOSITION

The judgment is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.

4